United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                                    Case No. 21-10540-pmm

Harold G. Adams                                                                                 Chapter 13
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4                              User: admin                                     Page 1 of 2

Date Rcvd: Jul 01, 2026                        Form ID: 3180W                              Total Noticed: 10

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 03, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Harold G. Adams, 316 Walker Rd, Macungie, PA 18062-2012 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | + Email/Text: taxclaim@countyofberks.com | Jul 02 2026 01:17:00 | Tax Claim Bureau, 633 Court Street, Second Floor, Reading, PA 19601-4300 |
| smg | + Email/Text: usapae.bankruptcynotices@usdoj.gov | Jul 02 2026 01:17:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 14601321 | + Email/Text: bankruptcy@bbandt.com | Jul 02 2026 01:17:00 | BB&T Now Truist, Bankruptcy Section, PO Box 1847, 100-50-01-51, Wilson, NC 27894-1847 |
| 14612284 | + Email/Text: bankruptcy@greenskycredit.com | Jul 02 2026 01:17:00 | Greensky,LLC/Home Depot Loan, 1797 North East Expressway Suite 100, Atlanta, GA 30329-2451 |
| 14589211 | + Email/Text: key_bankruptcy_ebnc@keybank.com | Jul 02 2026 01:17:00 | KeyBank, N.A., 4910 Tiedeman Road, Brooklyn, OH 44144-2338 |
| 14600850 | Email/Text: camanagement@mtb.com | Jul 02 2026 01:17:00 | M&T Bank, P.O. Box 840, Buffalo, NY 14240-0840 |
| 14594413 | + Email/Text: bankruptcydpt@mcmcg.com | Jul 02 2026 01:17:00 | Midland Credit Management, Inc., PO Box 2037, Warren, MI 48090-2037 |
| 14605441 | EDI: PRA.COM | Jul 02 2026 05:18:00 | Portfolio Recovery Associates, LLC, POB 41067, Norfolk VA 23541 |
| 14606714 | EDI: USBANKARS.COM | Jul 02 2026 05:18:00 | U.S. Bank NA dba Elan Financial Services, Bankruptcy Department, PO Box 108, Saint Louis MO 63166-0108 |

TOTAL: 9

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 14631956 | ##+ | MCCRYSTAL LAW OFFICE, 326 Main Street, Suite 1, EMMAUS, EMMAUS, PA 18049-2739 |

TOTAL: 0 Undeliverable, 0 Duplicate, 1 Out of date forwarding address

District/off: 0313-4

User: admin

Page 2 of 2

Date Rcvd: Jul 01, 2026

Form ID: 3180W

Total Noticed: 10

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 03, 2026

Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 30, 2026 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| MAGGIE S SOBOLESKI | on behalf of Creditor M&T BANK msoboleski@kmllawgroup.com  3532@notices.nextchapterbk.com |
| MATTHEW K. FISSEL | on behalf of Creditor M&T BANK bkgroup@kmllawgroup.com  matthew.fissel@brockandscott.com |
| MICHAEL J. MCCRYSTAL | on behalf of Debtor Harold G. Adams mccrystallaw@gmail.com sueparalegal@gmail.com;mccrystal.mikeb130939@notify.bestcase.com;mccrystal.mikeb130939@notify-prod.bestcase.com |
| SCOTT F. WATERMAN [Chapter 13] | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 5

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Harold G. Adams<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–1751<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   Eastern District of Pennsylvania | | |
| Case number:   21–10540–pmm | | |

## Order of Discharge

**12/18**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Harold G. Adams

6/30/26

**By the court:** Patricia M. Mayer
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

Form 3180W

**Chapter 13 Discharge**

page 1

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Form 3180W               **Chapter 13 Discharge**               page 2